## DOWSE et al. v. HAMMOND.

### In re SWEETSER. Ex parte FLORENCE MACH. CO.

#### (Circuit Court of Appeals, First Circuit. April 26, 1904.)

#### No. 526.

1. BANKRUPTCY—PROVABLE DEBTS—TAKING NEW PROMISE FROM BANKRUPT—EFFECT.

Where, after a creditor had proved his debt in bankruptcy, evidenced by notes, he took from the bankrupt other notes for the same indebtedness without surrendering the original notes, he is not ordinarily presumed to have discharged the debt proved, nor to be precluded from maintaining his proof, while at the same time proceeding against the bankrupt personally on the new notes, so long as he has not received full satisfaction of his debt.

2. SAME—COSTS.

Where issues in the bankruptcy proceeding arising out of the mixed condition of the claims were caused entirely by the methods of a creditor, the trustees should not be charged with the costs of a proceeding to determine such issues.

Appeal from the District Court of the United States for the District of Massachusetts.

For opinion below, see 128 Fed. 165.

Warren Ozro Kyle (Fred Joy, on brief), for appellants.

Hollis R. Bailey, for appellee.

Before COLT and PUTNAM, Circuit Judges, and BROWN, District Judge.

PER CURIAM. The essential facts in this case are clearly stated in the opinion of the learned judge of the District Court, and his conclusions, as well as the method of reasoning by which he reached them, are entirely satisfactory to us. They need to be supplemented on only a single point, being that to which relates the first of the rulings which, according to his opinion, he was requested to make. The record does not show that the notes made by the bankrupt and his wife, described in the ruling as given to the creditor in question before the proof referred to therein was made, were received in discharge of any existing notes. Inasmuch as the notes originally held by the creditor, in accordance with the practice under the then existing bankruptcy statutes, must have been produced when the proof was made, the presumption is that the creditor retained them undischarged, and received those signed by the bankrupt and his wife merely as collateral thereto. Under those circumstances, it is so clear that the refusal of the district judge to give the ruling was correct that we need not elaborate in reference thereto.

The mixed condition in regard to the claims which are now in issue, which condition is fully explained in the opinion of the learned judge of the District Court, arose entirely from the methods of the creditor. Under the circumstances it was reasonably incumbent on the assignees, who are now the appellants, to bring the facts to the attention of the court—both to the District Court and to the appellate tribunal. In this respect this proceeding is quite analogous to those by trustees under a will, or other persons occupying trust relations, to obtain the instructions of the court with reference to any doubtful subject-matter coming within the scope of their duties; and they ought not to be charged with costs in favor of the creditor whose method of proceeding brought about the condition which requires investigation. Therefore we allow no costs on this appeal.

The decree of the District Court is affirmed, and neither party will recover any costs on appeal.